IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40053
Conference Calendar
_____

CURTIS ANTONIO DAVIS,

Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION ET AL.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:95-CV-300
- - - - - - - - - -

February 9, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

Curtis Antonio Davis, Texas prisoner #45831, appeals from the dismissal of his civil rights action as frivolous. Davis contends that we lack jurisdiction over his appeal because the district court did not rule on his amended complaint; that the assessment of filing fees by the district court pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b)(1),

_____

[*]This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be taken from funds he earns rather than from gift funds; and that the district court failed to consider some unspecified substantive claims. Davis requests an opportunity to file another brief should we determine that we have jurisdiction over the appeal.

We construe Davis's contention that we lack jurisdiction as a request for the dismissal of his appeal. Davis's contention lacks a basis in fact; the district court considered his amended complaint and his original complaint and issued a final judgment. Davis's request that the appeal be dismissed for want of jurisdiction is not well-taken and is DENIED.

Davis's contention regarding the sources of funds for payment of filing fees is without a basis in law. The relevant statute makes no provision regarding the source of funds for the payment of filing fees by prisoners. 28 U.S.C. § 1915(b)(1),(2).

Davis fails to direct us to any failure by the district court to consider any of his particular claims. He has failed to brief any such issue for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). We will not allow Davis to file a new brief to present any such issue properly.

Davis's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). We previously affirmed the dismissal of portions of two previous civil rights actions by Davis as frivolous. *Davis v. Durant*, No. 95-40056 (5th Cir. Aug. 7, 1995)(unpublished); *Davis v. Napper*, No. 93-4087 (5th Cir. Oct. 6, 1994)(unpublished). The district

court's dismissal of the present case and our dismissal of the appeal constitute strikes three and four against Davis for purposes of 28 U.S.C. § 1915(g).  *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Because Davis has more than three strikes, he may not bring a civil action or appeal as a prisoner proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

APPEAL DISMISSED.  5TH CIR. R. 42.2.  SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).